**UNDERPINNING & FOUNDATION CONSTRUCTORS, INC.**
Plaintiff,

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
Defendant.

No. 03–CV–5696(ILG).

United States District Court,
E.D. New York.

July 16, 2004.

Thomas S. Tripodianos, Welby, Brady & Greenblatt, LLP, White Plains, NY, for U.S. Fidelity and Guar. Co.

Alan Winkler, Peckar & Abramson, P.C., New York, NY, for Underpinning & Foundation Constructors, Inc.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

### I. SUMMARY

Defendant United States ·Fidelity & Guaranty Company ("USF & G" or "Defendant"), a Maryland corporation, brings this motion seeking summary judgment in an action brought by plaintiff Underpinning & Foundation Constructors, Inc. ("Underpinning" or "Plaintiff"), a New York corporation, to recover for work in performed on a public works project for the New York Power Authority, payment for which was assured by defendant's bond.

Defendant argues that plaintiff is not a proper claimant under the bond because the underlying contract was in the name of "Underpinning & Foundation–Skanska, Inc." ("U & F–Skanska") instead of "Underpinning & Foundation Constructors, Inc."

For the reasons that follow, defendant's motion is denied.

### II. BACKGROUND

On or about December 19, 2001, the New York Power Authority entered into a contract with North Star Contracting Corporation ("North Star") for construction of a project designated as the Poletti 500 MW Combined Cycle Power Plant ("the Project").

On or about February 11, 2002, USF & G, as surety, and North Star, as principal, executed and delivered to the Power Au-

thority, as obligee, a Payment Bond, Bond No. SN9763, in the penal amount of $5,944,000 ("the Bond").

In June 2002, a subcontract was created for the performance of piledriving, steel sheet piling and caisson work on the Project for the sum of $1,446,006.03 ("the Subcontract"). North Star is named as the Contractor. The named subcontractor is "Underpinning & Foundation–Skanska, Inc., a New York corporation having a place of business at 46–36 54th Road, Maspeth, New York." (Def. Notice of Mot. Ex. B.) It is undisputed that the Subcontract was prepared by North Star. It is also important to note that the heading in Rider "A" to the Subcontract references "Underpinning & Foundation" as the Subcontractor, not "Underpinning & Foundation–Skanska, Inc.," and the text of Rider "A" refers simply to "Underpinning." (Def. Notice of Mot. Ex. B.)

Plaintiff alleges that it performed the work required by the Subcontract, but that North Star has refused to pay beyond a single payment of $388,467.16.

On or about April 9, 2003, a Notice Under Mechanic's Lien Law for Account of Public Improvement ("the Lien") was filed in the name of U & F–Skanska.

In November 2003, plaintiff filed the present suit against defendant, asserting that pursuant to the terms of the Bond, defendant is obligated to pay plaintiff $1,057,538.87, the amount owed to it by North Star under the Subcontract, plus an additional $338,196.33 for work it performed beyond the scope of the Subcontract at North Star's request.

## III. DISCUSSION

The principles informing a court's judgment in a motion for summary judgment have been stated and restated so frequently as not to warrant restating again. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Defendant's assertion that the plaintiff was not the party to the Subcontract with North Star, given the plaintiff's exhibits and affidavits opposing this motion, is startling. It can only be ascribed to a bold attempt to avoid an obligation which is plainly theirs. North Star's use of "Skanska" in the Subcontract and plaintiff's acquiescence to it appear to be attributable to mere inadvertence on the part of both parties.

I begin with the plaintiff's letterhead used in all correspondence with North Star. The upper left corner of the letterhead includes the words "Underpinning & Foundation," in large type with the word "Skanska" directly underneath, separated by a thin black line. The upper right corner includes the words "Underpinning & Foundation Constructors, Inc.," with the address 46–36 54th Road, Maspeth, New York, 11378–1020 (the same address indicated on the Subcontract), phone and fax numbers, and a web site address which is represented as www.underpinning.com.[1]

Affidavits submitted by the plaintiff which convincingly demonstrate the frivolous basis upon which the defendant's motion rests include:

1. The affidavit of Peter MacKenna, the plaintiff's President;

2. The affidavit of Fabio Liscindini, the plaintiff's Senior Estimator;

---

1. Exhibit B to Peter MacKenna's affidavit is a letter from plaintiff to North Star and is attached herein to provide an illustration of plaintiff's stationary.

3. The affidavit of Edward P. Forte, the plaintiff's Vice President;

4. The affidavit of George R. Jung, the plaintiff's Manager of Contracts and Administration.

Each affirmatively and unequivocally swears that the subcontract giving rise to the action was between Underpinning & Foundation Constructors, Inc. and North Star, and that North Star knew it and did not believe otherwise, as the exhibits annexed to Mr. MacKenna's affidavit conclusively show.

The only affidavit in support of the defendant's motion is one by Peter Boltrek, the Vice–President of North Star, dated March 3, 2004, which the Court finds disturbing. In it, Mr. Boltrek swears that "North Star did not enter into an agreement with the plaintiff Underpinning & Foundation Constructors, Inc. ("Underpinning")." (Boltrek Aff. ¶ 6.) In paragraph 14, he swears that "plaintiff, Underpinning, did not have a contract with … North Star and did not furnish the labor, materials or equipment to the Project as alleged in the complaint." (Boltrek Aff. ¶ 14.)

In stark contrast to that affidavit is a letter, dated October 31, 2003, on North Star stationary, addressed as follows:

Underpinning & Foundation Constructors, Inc.
46–36 54th Road
Maspeth, New York 11378–1020

Attn: Peter E. MacKenna
President & CEO

Re: NYPA's Poletti Plant

(MacKenna Aff. Ex. C.)

That letter, among other things, contains this sentence: "Please note, that you have an obligation *under our subcontract agreement* to close out the project…." (emphasis added). The letter is signed, "Peter Boltrek, Vice President." Wigmore was clearly correct in observing that "the moral efficacy of the oath has long since ceased to be what it once was." 6 *James*

*H. Chadbourne, Wigmore on Evidence* § 1827 (rev. ed.1976).

Among the other exhibits annexed to Mr. MacKenna's affidavit which belie Mr. Boltrek's denial of an agreement between the plaintiff and North Star is a letter, on the plaintiff's letterhead described above, dated January 2, 2002, addressed to "Mr. Peter Boltrek, North Star, 567 5th Avenue, New Rochelle, N.Y., 10801," concerning "Proposal for Pile Installation, Poletti Power Plant, Site Work Contract D050, Astoria, New York." That letter begins as follows: "Dear Mr. Boltrek, *Underpinning & Foundation Constructors, Inc.* (Underpinning) is pleased to submit this proposal to install piles for the referenced project," and is signed "Fabio Liscidini, *Underpinning & Foundation Constructors, Inc.*" (emphasis added) (MacKenna Aff. Ex. E.)

Exhibit K is a similar letter addressed to Peter Boltrek relating to the same project and beginning in the same way, namely "Underpinning & Foundation Constructors, Inc. (Underpinning) is pleased to submit…." (MacKenna Aff. Ex. K.) Exhibit U is a letter to Peter Boltrek, referencing the project and signed by "George R. Jung, P.E., Manager, Contracts & Administration, Underpinning & Foundation Constructors, Inc." (MacKenna Aff. Ex. U.)

More disturbing, given Boltrek's denial, is Exhibit O, which is a letter dated September 25, 2002 from North Star to Mr. George R. Jung at Underpinning & Foundation Constructors, Inc., referencing "Subcontract," that reads, "Attached is a fully executed original of your subcontract for piling and caisson work at the Poletti Power Plant. We look forward to a successful project and to working with you. Should you have any questions or comments, so advise." (MacKenna Aff. Ex. O.) The letter is signed by John R. Stone,

Project Manager, North Star Contracting Corporation.

■ The citation of authority for the principle that an immaterial variance in the corporate name on a contract is of no legal significance (e.g., *Hellenic Lines, Ltd. v. Winkler*, 249 F.Supp. 771 (S.D.N.Y. 1966)) is surely superfluous, given the foregoing affidavits and exhibits in opposition to the defendant's motion, and compels the conclusion that the motion must be denied. The Court is also prompted to observe that this motion is of the kind Rule 11 of the Federal Rules of Civil Procedure was designed to obviate.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is denied.

SO ORDERED.

EXHIBIT B

# Underpinning
# & Foundation

## SKANSKA

Underpinning & Foundation
Constructors, Inc.
46-36 54th Road
Maspeth, NY 11378-1020
Phone  718 786 6557
Fax    718 786 6981
Web    www underpinning com

Date
March 27, 2003

Reference
02-231-045

Mr. Peter Boltrek, Vice President
North Star Contracting Corp.
Corporate Tower
One Ramada Plaza
New Rochelle, New York 10801

Dear Mr. Boltrek:

We are in receipt of your letter dated March 26, 2003 transmitting costs that you claim are the responsibility of Underpinning & Foundation.

Please be advised that we completely and without equivocation reject your assertions. The contract between North Star and Underpinning is quite clear, and your claims are specious at best. Further, we believe that your motivation in transmitting this claim is an attempt to deflect Underpinning's upcoming action against North Star resulting from your inability to pay us for work performed.

North Star continues to refuse to return signed extra work orders for the additional work referenced in your letter. We will, however, price the work under the assumption that you agree with these extra work orders without reservation. This information will be forwarded to you shortly.

We are available to meet with you if you think it will prove useful, however we advise you of our demand for immediate payment in full for the work performed. Additionally, by copy of this letter, we are advising NYPA and your Surety of the situation.

Best regards,

Peter E. MacKenna
President & CEO